FILED

SEP 3 0 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

WILLIAM BOWMAN, a minor          )
by parent and next friend        )
Essie Bowman                     )
810 Hamilton Street, NW          )
Washington, D.C. 20011           )
                                 )
and                              )
                                 )
                                 )      Civil Action No.:
CHARLES BUSEY, a minor           )
by parent and next friend        )
Beverly Fennell                  )
2808 Terrace Road, SE, #457      )
Washington, D.C. 20020           )
                                 )
                                 )
and                              )
                                 )
                                 )
JOSEPH CUNNINGHAM, a minor       )
by parent and next friend        )
Chiquita Cunningham              )
420 37th Place, SE, #201         )
Washington, D.C. 20019           )
                                 )
and                              )
                                 )
TYRELLE FOSTER, a minor          )
by parents and next friends      )
Monte and Malaika Foster         )
2730 28th Street, NE             )
Washington, D.C. 20018           )
                                 )
and                              )
                                 )
WILLIAM GASS, a minor            )
by parent and next friend        )
Connie Barnes                    )
46 T Street, NW                  )
Washington, D.C. 20001           )
                                 )
and                              )
                                 )

CASE NUMBER  1:05CV01933

JUDGE: Henry H. Kennedy

DECK TYPE: Administrative Agency Review

DATE STAMP: 09/30/2005

1

OMAR GERALD, a minor                )
by parent and next friend           )
Nicola Gerald                       )
608 Madison Street, NW              )
Washington, D.C.  20011             )
                                    )
and                                 )
                                    )
LARRY GRAHAM, a minor               )
by parent and next friend           )
Diana Ridgeway                      )
256 37th Street, SE                 )
Washington, D.C.  20019             )
                                    )
and                                 )
                                    )
SCHNETTE GRAHAM, a minor            )
by parents and next friends         )
Dewayne and Sarrinna Graham         )
5619 8th Street, NW                 )
Washington, D.C.  20011             )
                                    )
and                                 )
                                    )
ASHLEY HAMILTON, a minor            )
by parent and next friend           )
Crystal Hamilton                    )
3923 Pennsylvania Avenue, SE, #201  )
Washington, D.C.  20020             )
                                    )
and                                 )
                                    )
JAMES HERNDON, a minor              )
by parents and next friends         )
Noah Parsons and Estelle Herndon    )
3343 23rd Street, SE, #101          )
Washington, D.C.  20020             )
                                    )
and                                 )
                                    )

2

ALONZO KIRBY, a minor                    )
by parent and next friend                )
Adrienne Kirby                           )
4221 East Capitol Street, SE, #103       )
Washington, D.C. 20019                   )
                                         )
and                                      )
                                         )
CEERA LABBE, a minor                     )
by parent and next friend                )
Marques Labbe                            )
318 34th Place, NE                       )
Washington, D.C. 20019                   )
                                         )
and                                      )
                                         )
BRUNO LASSEY, a minor                    )
by parent and next friend                )
Adjelegan Lassey                         )
1290 Morse Street, NE                    )
Washington, D.C. 20002                   )
                                         )
and                                      )
                                         )
CAROLYN MASON, a minor                   )
by parent and next friend                )
Janice Mason                             )
230 Malcolm X Avenue, SE                 )
Washington, D.C. 20032                   )
                                         )
and                                      )
                                         )
TAVON MASON, a minor                     )
by parent and next friend                )
Janice Mason                             )
230 Malcolm X Avenue, SE                 )
Washington, D.C. 20032                   )
                                         )
and                                      )
                                         )

3

VINCENT MITCHELL, a minor )
by parent and next friend )
Tamora Agnew )
1361 Stevens Road, SE )
Washington, D.C. 20020 )
)
and )
)
AMEERE MOORE, a minor )
by parent and next friend )
Tammy Moore )
1121 Eaton Road, SE )
Washington, D.C. 20020 )
)
and )
)
NI'MATUL-AIN MUHAMMAD, a minor )
by parent and next friend )
Laura Muhammad )
4524 C Street, SE )
Washington, D.C. 20019 )
)
and )
)
KERRY ODOMS, a minor )
by parent and next friend )
Kimberly Odoms )
890 Southern Avenue, SE, #403 )
Washington, D.C. 20032 )
)
and )
)
ASHLEE OUTLAW, a minor )
by parent and next friend )
Katherine Outlaw )
3619 22nd Street, SE )
Washington, D.C. 20020 )
)
and )

4

JERELL OWENS, a minor&#9;)
by parent and next friend&#9;)
Tanya Owens&#9;)
5210 Karl Place, NE&#9;)
Washington, D.C. 20019&#9;)
&#9;)
and&#9;)
&#9;)
EMONI PATTERSON, a minor&#9;)
by parents and next friends&#9;)
Donnell and Valerie Price&#9;)
1330 Levis Street, NE&#9;)
Washington, D.C. 20002&#9;)
&#9;)
and&#9;)
&#9;)
TERRELL PHILLIPS, a minor&#9;)
by parent and next friend&#9;)
Melodia Phillips&#9;)
1333 Queen Street, NE&#9;)
Washington, D.C. 20002&#9;)
&#9;)
and&#9;)
&#9;)
JONATHAN QUIGLEY, a minor&#9;)
by parent and next friend&#9;)
Michaelyn Johnson&#9;)
323 Webster Street, NW&#9;)
Washington, D.C. 20011&#9;)
&#9;)
and&#9;)
&#9;)
JAMAL REID-ODEMNS, a minor&#9;)
by parent and next friend&#9;)
LaTisha Reid&#9;)
2531 Savannah Street, SE, #22&#9;)
Washington, D.C. 20020&#9;)
&#9;)
and&#9;)
&#9;)

DIAMOND RIDGEWAY, a minor )
by parent and next friend )
Diana Ridgeway )
256 37th Street, SE )
Washington, D.C. 20019 )
)
and )
)
SHELDON ROBINSON, a minor )
by parent and next friend )
Sheldena Robinson )
3675 Jay Street, NE, #102 )
Washington, D.C. 20019 )
)
and )
)
SHELTON ROBINSON, a minor )
by parent and next friend )
Sheldena Robinson )
3675 Jay Street, NE, #102 )
Washington, D.C. 20019 )
)
and )
)
ALICIA WHEELER, a minor )
by parent and next friend )
Felicia Cloutterbuck )
5312 E Street, SE, #203 )
Washington, D.C. 20019 )
)
and )
)
ELLIOTT WHITTINGTON, a minor )
by parent and next friend )
Lawanda Reed )
800 Southern Avenue, SE, #308 )
Washington, D.C. 20032 )
)
and )

6

JALYSA WILLIAMS, a minor            )
by parent and next friend           )
Randolph Narcisco                   )
54 V Street, NW                     )
Washington, D.C.  20001             )
                                    )
and                                 )
                                    )
DAVON WILLIS, a minor               )
by parent and next friend           )
Diana Ridgeway                      )
256 37th Street, SE                 )
Washington, D.C.  20019             )
                                    )
and                                 )
                                    )
ALANI WILSON,  a minor              )
by parent and next friend           )
Shaney Rutledge                     )
1020 19th Street, NE, #3            )
Washington, D.C.  20002             )
                                    )
and                                 )
                                    )
ANTOINE WINGATE, a minor            )
by parent and next friend           )
Marchette Wingate                   )
1731 Gainesville Street, SE, #6     )
Washington, D.C.  20020             )
                                    )
                Plaintiffs,         )
                                    )
        v.                          )
                                    )
THE DISTRICT OF COLUMBIA            )
A Municipal Corporation             )
One Judiciary Square                )
441 Fourth Street, N.W.             )
Washington, D.C.  20001             )
                                    )
serve:                              )

ANTHONY L. WILLIAMS, Mayor            )
District of Columbia                  )
1350 Pennsylvania Avenue, NW, 5th Floor  )
Washington, D.C. 20004                )
                                      )
serve:                                )
                                      )
ROBERT SPAGNOLETTI                    )
Senior Corporation Counsel            )
District of Columbia                  )
1350 Pennsylvania Avenue, NW, Suite 409 )
Washington, D.C. 20004                )
                                      )
and                                   )
                                      )
CLIFFORD JANEY (officially)           )
Superintendent, D.C. Public Schools   )
825 North Capitol Street, N.E.        )
Suite # 9026                          )
Washington, D.C. 20002                )
                                      )
                 Defendants.          )
                                      )

## COMPLAINT TO ENFORCE SETTLEMENT AGREEMENTS, INJUNCTIVE, AND OTHER RELIEF

COME NOW, Plaintiffs, by and through their attorney Tilman Gerald, Esq. and

James E. Brown & Associates, PLLC, and in their Complaint To Enforce Settlement

Agreements, Injunctive, and Other Relief respectfully represents unto this Honorable

Court as follows:

## PRELIMINARY STATEMENT

1.    This is an action to enforce settlement agreements that were executed by

the parties in full settlement of claims that the Plaintiffs had against the Defendants

8

pursuant to the Individuals with Disabilities Education Act with respect to special

education services and benefits that the Defendants were obligated to provide to the

student Plaintiffs. The settlement agreements were obtained in lieu of Due Process

Hearings which the Plaintiffs had previously filed with the District of Columbia Public

Schools, Office of Student Hearings.

## JURISDICTION

2.      This Court has jurisdiction pursuant to:

        a.      42 U.S.C. 1983 *et seq.*, inasmuch as Section 1983 provides a civil

            remedy for acts taken under color of law that subject "any citizen

            of the United States or person within the jurisdiction thereof to the

            deprivation of any rights, privileges, or immunities secured by the

            Constitution and laws;

        b.      The Individuals with Disabilities Education Act, 20 U.S.C.

            §§1400-1461 ("IDEA"); The Rehabilitation Act ("Section 504");

            29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills* decree, and

            pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1

            - 3701.3 (2003);

        c.      Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.      Plaintiffs are "learning disabled" children as defined by the IDEA and

"Section 504" as well as their parents or guardians who, at all times relevant to this

action, were residents of the District of Columbia, and who prevailed in administrative hearings held pursuant to the IDEA. The parents bring this action on behalf of their children and in their own right. The individual Plaintiffs are designated as follows:

    a.    That at all times relevant hereto, William Bowman, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on May 2nd of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Michael Levy, Esquire, attorney for DCPS, represented that he had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 1.

10

b.    That at all times relevant hereto, Charles Busey, a student attending the

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA.  That on April

26th of 2005, the parties hereto entered into a Settlement Agreement, which provides,

*inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable

attorneys' fees and costs related to the prosecution of her (his, their) claim.  That pursuant

to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney,

submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a

timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal.  That notwithstanding the parties' Settlement Agreement,

the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the

Defendant, refused to remit payment as required by the parties' Settlement Agreement

and has failed and refused to comply with the terms of the parties' Settlement Agreement,

without just cause or reason.  That all times pertinent hereto, Stephanie Ramjohn Moore,

Esquire, attorney for DCPS, represented that she had the necessary authority to enter into

and bind the Defendant DCPS to the terms of the parties' Settlement Agreement.  That as

of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of

attorneys' fees and costs per the terms and provisions of the Settlement Agreement.

Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT

2.

c.    That at all times relevant hereto, Joseph Cunningham, a student attending

the public school of the District of Columbia ("DCPS"), has been found to be entitled to

11

receive special education services and benefits under IDEA and IDEIA. That on May 24th of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Rashida J. Chapman, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 3.

   d.   That at all times relevant hereto, Tyrelle Foster, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on March 24th of 2005, the parties hereto entered into a Settlement Agreement, which provides,

*inter alia,* that the Defendant DCPS would reimburse the Plaintiff parents for reasonable

attorneys' fees and costs related to the prosecution of their (his, her) claim. That pursuant

to the terms of the parties' Settlement Agreement, Plaintiff, by and through their attorney,

submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a

timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal. That notwithstanding the parties' Settlement Agreement,

the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the

Defendant, refused to remit payment as required by the parties' Settlement Agreement

and has failed and refused to comply with the terms of the parties' Settlement Agreement,

without just cause or reason. That all times pertinent hereto, Quinne Harris-Lindsey,

Esquire, attorney for DCPS, represented that she had the necessary authority to enter into

and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as

of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of

attorneys' fees and costs per the terms and provisions of the Settlement Agreement.

Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT

4.

   e.  That at all times relevant hereto, William Gass, a student attending the

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA. That on March

22nd of 2005, the parties hereto entered into a Settlement Agreement, which provides,

*inter alia,* that the Defendant DCPS would reimburse the Plaintiff parent for reasonable

attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant

to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney,

submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a

timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal. That notwithstanding the parties' Settlement Agreement,

the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the

Defendant, refused to remit payment as required by the parties' Settlement Agreement

and has failed and refused to comply with the terms of the parties' Settlement Agreement,

without just cause or reason. That all times pertinent hereto, Quinne Harris-Lindsey,

Esquire, attorney for DCPS, represented that she had the necessary authority to enter into

and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as

of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of

attorneys' fees and costs per the terms and provisions of the Settlement Agreement.

Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT

5.

      f.     That at all times relevant hereto, Omar Gerald, a student attending the

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA. That on May 4th

of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter*

*alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable

attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant

to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney,

submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a

timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Rashida J. Chapman, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 6.

g.      That at all times relevant hereto, Larry Graham, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on March 24th of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement,

15

the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the

Defendant, refused to remit payment as required by the parties' Settlement Agreement

and has failed and refused to comply with the terms of the parties' Settlement Agreement,

without just cause or reason. That all times pertinent hereto, Quinne Harris-Lindsey,

Esquire, attorney for DCPS, represented that she had the necessary authority to enter into

and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as

of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of

attorneys' fees and costs per the terms and provisions of the Settlement Agreement.

Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT

7.

     h.     That at all times relevant hereto, Schnette Graham, a student attending the

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA. That on May 17th

of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter*

*alia*, that the Defendant DCPS would reimburse the Plaintiff parents for reasonable

attorneys' fees and costs related to the prosecution of their (his, her) claim. That pursuant

to the terms of the parties' Settlement Agreement, Plaintiff, by and through their attorney,

submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a

timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal. That notwithstanding the parties' Settlement Agreement,

the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the

Defendant, refused to remit payment as required by the parties' Settlement Agreement

16

and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Stephanie Ramjohn Moore, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 8.

      i.     That at all times relevant hereto, Ashley Hamilton, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on April 21st of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Rashida J. Chapman,

17

Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 9.

j.    That at all times relevant hereto, James Herndon, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on April 14th of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parents for reasonable attorneys' fees and costs related to the prosecution of their (his, her) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through their attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Quinne Harris-Lindsey, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as

18

of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of

attorneys' fees and costs per the terms and provisions of the Settlement Agreement.

Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT

10.

     k.     That at all times relevant hereto, Alonzo Kirby, a student attending the

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA. That on April 5th

of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter*

*alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable

attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant

to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney,

submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a

timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal. That notwithstanding the parties' Settlement Agreement,

the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the

Defendant, refused to remit payment as required by the parties' Settlement Agreement

and has failed and refused to comply with the terms of the parties' Settlement Agreement,

without just cause or reason. That all times pertinent hereto, Katherine Rodi, Esquire,

attorney for DCPS, represented that she had the necessary authority to enter into and bind

the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the

date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys'

fees and costs per the terms and provisions of the Settlement Agreement. Copies of the

invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 11

l.      That at all times relevant hereto, Ceera Labbe, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA.  That on April 5th of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of his (her, their) claim.  That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through his attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal.  That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason.  That all times pertinent hereto, Donna Whitman Russell, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement.  That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement.  Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 12.

m.      That at all times relevant hereto, Bruno Lassey, a student attending the

20

public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on April 13th of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Quinne Harris-Lindsey, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 13.

n.      That at all times relevant hereto, Carolyn Mason, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on April

21

20th of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia,* that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Lenore Verra, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 14.

        o.      That at all times relevant hereto, Tavon Mason, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on April 20th of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia,* that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant

to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney,

submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a

timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal. That notwithstanding the parties' Settlement Agreement,

the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the

Defendant, refused to remit payment as required by the parties' Settlement Agreement

and has failed and refused to comply with the terms of the parties' Settlement Agreement,

without just cause or reason. That all times pertinent hereto, Lenore Verra, Esquire,

attorney for DCPS, represented that she had the necessary authority to enter into and bind

the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the

date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys'

fees and costs per the terms and provisions of the Settlement Agreement.   Copies of the

invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 15.

     p.     That at all times relevant hereto, Vincent Mitchell, a student attending the

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA. That on April 5th

of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter*

*alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable

attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant

to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney,

submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a

timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Stephanie Ramjohn Moore, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 16.

      q.     That at all times relevant hereto, Ameere Moore, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on April 20th of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the

Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Aaron Price, Esquire, attorney for DCPS, represented that he had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 17.

r.        That at all times relevant hereto, Ni'matul-ain Muhammad, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on April 6th of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto,

25

Stephanie Ramjohn Moore, Esquire, attorney for DCPS, represented that she had the

necessary authority to enter into and bind the Defendant DCPS to the terms of the parties'

Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to

Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the

Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are

attached hereto as EXHIBIT 18.

     s.     That at all times relevant hereto, Kerry Odoms, a student attending the

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA. That on April

12th of 2005, the parties hereto entered into a Settlement Agreement, which provides,

*inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable

attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant

to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney,

submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a

timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal. That notwithstanding the parties' Settlement Agreement,

the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the

Defendant, refused to remit payment as required by the parties' Settlement Agreement

and has failed and refused to comply with the terms of the parties' Settlement Agreement,

without just cause or reason. That all times pertinent hereto, Stephanie Ramjohn Moore,

Esquire, attorney for DCPS, represented that she had the necessary authority to enter into

and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as

of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 19.

t.    That at all times relevant hereto, Ashlee Outlaw, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on April 28th of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Stephanie Ramjohn Moore, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement.

27

Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 20.

u.    That at all times relevant hereto, Jerell Owens, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on April 22nd of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Rashida J. Chapman, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 21.

28

v.     That at all times relevant hereto, Emoni Patterson, a student attending the

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA. That on May 13th

of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter

alia*, that the Defendant DCPS would reimburse the Plaintiff parents for reasonable

attorneys' fees and costs related to the prosecution of their (his, her) claim. That pursuant

to the terms of the parties' Settlement Agreement, Plaintiff, by and through their attorney,

submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a

timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal. That notwithstanding the parties' Settlement Agreement,

the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the

Defendant, refused to remit payment as required by the parties' Settlement Agreement

and has failed and refused to comply with the terms of the parties' Settlement Agreement,

without just cause or reason. That all times pertinent hereto, Aaron Price, Esquire,

attorney for DCPS, represented that he had the necessary authority to enter into and bind

the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the

date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys'

fees and costs per the terms and provisions of the Settlement Agreement. Copies of the

invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 22.

w.     That at all times relevant hereto, Terrell Phillips, a student attending the

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA. That on April

21ˢᵗ of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Donna Whitman Russell, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 23.

      x.    That at all times relevant hereto, Jonathan Quigley, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on April 13ᵗʰ of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable

attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Quinne Harris-Lindsey, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 24.

y.      That at all times relevant hereto, Jamal Reid-Odemns, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on April 21st of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney,

submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a

timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal. That notwithstanding the parties' Settlement Agreement,

the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the

Defendant, refused to remit payment as required by the parties' Settlement Agreement

and has failed and refused to comply with the terms of the parties' Settlement Agreement,

without just cause or reason. That all times pertinent hereto, Donna Whitman Russell,

Esquire, attorney for DCPS, represented that she had the necessary authority to enter into

and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as

of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of

attorneys' fees and costs per the terms and provisions of the Settlement Agreement.

Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT

25.

      z.     That at all times relevant hereto, Diamond Ridgeway, a student attending

the public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA. That on April

19th of 2005, the parties hereto entered into a Settlement Agreement, which provides,

*inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable

attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant

to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney,

submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a

timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Quinne Harris-Lindsey, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 26.

aa.    That at all times relevant hereto, Sheldon Robinson, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on April 19th of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the

Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Michael Levy, Esquire, attorney for DCPS, represented that he had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 27.

bb.   That at all times relevant hereto, Shelton Robinson, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on April 19th of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Michael Levy, Esquire,

attorney for DCPS, represented that he had the necessary authority to enter into and bind

the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the

date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys'

fees and costs per the terms and provisions of the Settlement Agreement. Copies of the

invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 28.

cc.    That at all times relevant hereto, Alicia Wheeler, a student attending

the public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA. That on June 2nd

of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter*

*alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable

attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant

to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney,

submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a

timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal. That notwithstanding the parties' Settlement Agreement,

the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the

Defendant, refused to remit payment as required by the parties' Settlement Agreement

and has failed and refused to comply with the terms of the parties' Settlement Agreement,

without just cause or reason. That all times pertinent hereto, Aaron Price, Esquire,

attorney for DCPS, represented that he had the necessary authority to enter into and bind

the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the

date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys'

fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 29.

      dd.    That at all times relevant hereto, Elliott Whittington, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on April 15th of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Rashida J. Chapman, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 30.

ee.      That at all times relevant hereto, Jalysa Williams, a student attending the

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA.  That on March

22nd of 2005, the parties hereto entered into a Settlement Agreement, which provides,

*inter alia,* that the Defendant DCPS would reimburse the Plaintiff parent for reasonable

attorneys' fees and costs related to the prosecution of his (her, their) claim.  That pursuant

to the terms of the parties' Settlement Agreement, Plaintiff, by and through his attorney,

submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a

timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal.  That notwithstanding the parties' Settlement Agreement,

the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the

Defendant, refused to remit payment as required by the parties' Settlement Agreement

and has failed and refused to comply with the terms of the parties' Settlement Agreement,

without just cause or reason.  That all times pertinent hereto, Quinne Harris-Lindsey,

Esquire, attorney for DCPS, represented that she had the necessary authority to enter into

and bind the Defendant DCPS to the terms of the parties' Settlement Agreement.  That as

of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of

attorneys' fees and costs per the terms and provisions of the Settlement Agreement.

Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT

31.

ff.      That at all times relevant hereto, Davon Willis, a student attending the

public school of the District of Columbia ("DCPS"), has been found to be entitled to

37

receive special education services and benefits under IDEA and IDEIA. That on April 20th of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia,* that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Quinne Harris-Lindsey, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 32.

gg.     That at all times relevant hereto, Alani Wilson, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on April 19th of 2005, the parties hereto entered into a Settlement Agreement, which provides,

38

*inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Katherine Rodi, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $4,000, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 33.

  hh.  That at all times relevant hereto, Antoine Wingate, a student attending the public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on March 22nd of 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her (his, their) claim. That pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney,

submitted an invoice to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS, by letter from Erika L. Pierson, Acting General Counsel for the Defendant, refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Donna Whitman Russell, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $3,336.44, remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 34.

5.      The District of Columbia is a municipal corporation that receives federal financial assistance and, therefore, is required to comply with the IDEA, Section 504 and this Court's decision in *Mills v. District of Columbia Bd. of Educ.*, 348 F. Supp. 866 (D.D.C. 1972).

6.      Clifford Janey is the Superintendent of the District of Columbia Public School System ("DCPS") and the Chief State Officer, and, as such, is responsible for ensuring that all disabled children in the District of Columbia receive a free appropriate public education ("FAPE") and that their rights to equal protection and due process of law are protected. Plaintiffs are suing Clifford Janey in his official capacity.

## FACTUAL ALLEGATIONS

7.      Between April 29, 2005 and June 27, 2005, Plaintiffs timely submitted their claims for reimbursement of reasonable attorneys' fees and costs to Defendants.

8.      That Defendants have failed to pay Plaintiffs' Attorney Fee Applications within the time prescribed by the applicable statutes/regulations.

9.      That Defendants refuse to make full reimbursement of Plaintiffs' reasonable attorneys' fees and costs.

10.     That Defendants knowingly, intentionally and in contravention of settled law substitute their own subjective standards for those articulated by this Court and the IDEA in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs.

11.     That by letter of August 4, 2005, the Defendants asserted that payment was denied "...due to the unauthorized practice of law by the attorneys involved.  The District of Columbia Public Schools will not pay attorney fees for attorneys who are not licensed to practice law in the District of Columbia..."

12.     That the attorneys for which the Defendants are withholding payment, at all times pertinent hereto, have been and are authorized to practice before the Student Hearing Office at DCPS pursuant to Rule 49(c)(5), and have not otherwise ever engaged in the unauthorized practice of law.

13.     That during the period in question, the Defendants had not promulgated any rules with respect to whether only attorneys barred in the District of Columbia could practice before the Student Hearing Office.

14.    That the attorneys have practiced before the Student Hearing Office for well over five years without the unauthorized practice of law ever being raised as an issue and the DCPS has made payment on invoices billed by the said attorneys, some of who were employees of DCPS at one time.

15.    That when counsel for the Defendant DCPS entered into the settlement agreements with counsel for the Plaintiffs, the issue of "bar membership" was neither a factor nor was it discussed prior to execution of the subject settlement agreements.

16.    That counsel for Plaintiffs, on two different occasions in 2002 the latest of which was December 2002, provided the Defendants with copies of the resumes of all of the attorneys who had provided legal services to Plaintiffs.  That the issue of unauthorized practice of law has not been an issue until May 2005, at which time the Defendants began questioning the "bar status" of certain attorneys in the office of the Plaintiff's counsel.

17.    The Defendants ignored the applicable rules governing the practice of law in the District of Columbia as well as various opinions issued by the Committee on the Unauthorized Practice of Law.

18.    That this Court and the IDEA clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs' herein.

19.    That the Defendants, without just cause or reason, have summarily refused to comply with the terms of the parties' settlement agreement as they agreed and have acted in bad faith and capriciously.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.    Enter an Order directing Defendants to pay any and all reimbursements to

the Plaintiffs as and for Attorneys' Fees, as per the parties' settlement agreement.

    2.      Enter an Order directing Defendants to pay any and all reimbursements to

the Plaintiffs as and for Costs.

    3.      Award each Plaintiff pre-judgment interest on each award.

    4.      Award to Plaintiffs pursuant to 42 U.S.C. 1983 *et seq.*, the attorneys' fees

and costs incurred by virtue of the instant lawsuit.

    5.      Awarding such other relief as may be just and proper.

Respectfully Submitted,

Tilman L. Gerald, Esq.
Bar No.: 928796
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
Attorney for Plaintiffs