## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| **ESSIE BOWMAN,** : | |
| **Parent and next friend of W.B.[1]** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| **v.** : | **Civ. Action No. 05-1933 (HHK)** |
| : | |
| **DISTRICT OF COLUMBIA, et al.,[2]** : | |
| : | |
| **Defendants.** : | |
| : | |

---

## DEFENDANTS' ANSWER TO THE COMPLAINT

The Defendants, by counsel, here answer Plaintiff's Complaint as follows (paragraph numbers below correspond to the paragraph numbers in the Complaint):

1. The allegations contained in paragraph 1 are characterizations of the complaint by the pleader to which no response is required; the complaint speaks for itself. If a response is required, then the same allegations are denied.

2.a. Defendants admit the existence of the cited statutes in paragraph 2a. but deny that this court has jurisdiction thereunder.

2.b. Defendants admit the existence of the cited statutes in paragraph 2.b.but deny that this court has jurisdiction under the Rehabilitation Act ("Section 504") and the Mills decree.

---

[1]  The minors will be referred to by initials, pursuant to LCvR 5.4(f)(2).  Further, as minors, they cannot bring suit.  Thus, the parents or guardians are the only properly named plaintiffs.

[2]  The District of Columbia is the only properly named defendant.  District of Columbia Public Schools Superintendent Clifford Janey has been sued in his official capacity only; thus Plaintiff in effect has sued the District of Columbia.

2.c.  Defendants admit that declaratory relief is authorized via 28 U.S.C. §2201 and 2202.

3.    Defendants admit that venue is proper pursuant to 28 U.S.C. § 1391.

4.    The allegations in paragraph 4 are characterizations of the pleader to which no response is required.  If a response is required, Defendants admit that plaintiffs are parents or guardians of disabled children as defined by the IDEA and deny the remaining allegations in paragraph 4.

4.a.    Defendants admit that W.B. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on May 2, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.  The remaining allegations in paragraph 4.a. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 1.

4.b.    Defendants admit that C.B. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on April 26, 2005, the parties

entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines. Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines. Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved. The remaining allegations in paragraph 4.b. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 2.

   4.c. Defendants admit that J.C. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA. Defendants admit that on May 24, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines. Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines. Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved. The remaining allegations in paragraph 4.c. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 3.

4.d.   Defendants admit that T.F. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.   Defendants admit that on March 24, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.   Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.   Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.   The remaining allegations in paragraph 4.d. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 4.

4.e.   Defendants admit that W.G. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.   Defendants admit that on March 22, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.   Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.   Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees

request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.  The remaining allegations in paragraph 4.e. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 5.

4.f.    Defendants admit that O.G. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on May 4, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.  The remaining allegations in paragraph 4.f. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 6.

4.g.    Defendants admit that L.G. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on March 24, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants

deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines. Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved. The remaining allegations in paragraph 4.g. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 7.

4.h.    Defendants admit that S.G. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA. Defendants admit that on May 17, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines. Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines. Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved. The remaining allegations in paragraph 4.h. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 8.

4.i.    Defendants admit that A.H. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA. Defendants admit that on April 21, 2005, the parties

entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines. Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines. Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved. The remaining allegations in paragraph 4.i. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 9.

  4.j. Defendants admit that J.H. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA. Defendants admit that on April 14 , 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines. Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines. Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved. The remaining allegations in paragraph 4.j. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 10.

4.k.    Defendants admit that A.K. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on April 5, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.  The remaining allegations in paragraph 4.k. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 11.

4.l.    Defendants admit that C.L. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on April 5, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law

committed by the attorneys involved.  The remaining allegations in paragraph 4.l. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 12.

  4.m. Defendants admit that B.L. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on April 13, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.  The remaining allegations in paragraph 4.m. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 13.

  4.n. Defendants admit that C..M. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on April 20, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable

statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L.

Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees

request submitted by plaintiff was denied due to the unauthorized practice of law

committed by the attorneys involved.  The remaining allegations in paragraph 4.n. are

denied except for the existence of the settlement agreement and invoices attached as

Exhibit 14.

      4.o.     Defendants admit that T..M. is a student attending a public school of the

District of Columbia who has been found to be entitled to received special education

services and benefits under IDEA.  Defendants admit that on April 20, 2005, the parties

entered into a settlement agreement which provides that the DCPS would reimburse the

Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of

a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants

deny that plaintiff's invoice was consistent with the requirements of all applicable

statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L.

Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees

request submitted by plaintiff was denied due to the unauthorized practice of law

committed by the attorneys involved.  The remaining allegations in paragraph 4.o. are

denied except for the existence of the settlement agreement and invoices attached as

Exhibit 15.

      4.p.     Defendants admit that V..M. is a student attending a public school of the

District of Columbia who has been found to be entitled to received special education

services and benefits under IDEA.  Defendants admit that on April 5, 2005, the parties

entered into a settlement agreement which provides that the DCPS would reimburse the

Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines. Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines. Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved. The remaining allegations in paragraph 4.p. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 16.

      4.q.    Defendants admit that A..M. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA. Defendants admit that on April 20, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines. Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines. Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved. The remaining allegations in paragraph 4.q. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 17.

4.r.    Defendants admit that N..M. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA. Defendants admit that on April 6, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines. Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines. Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved. The remaining allegations in paragraph 4.r. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 18.

4.s    Defendants admit that K.O. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA. Defendants admit that on April 12, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines. Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines. Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law

committed by the attorneys involved.  The remaining allegations in paragraph 4.s. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 19.

4.t.     Defendants admit that A.O.. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on April 28, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.  The remaining allegations in paragraph 4.t. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 20.

4.u.     Defendants admit that A.O. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on April 22, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable

statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.  The remaining allegations in paragraph 4.u. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 21.

4.v.    Defendants admit that E.V. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on May 13, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.  The remaining allegations in paragraph 4.v. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 22.

4.w.    Defendants admit that T.P. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on April 21, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the

Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.  The remaining allegations in paragraph 4.w. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 23.

4.x.    Defendants admit that J.Q. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on April 13, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.  The remaining allegations in paragraph 4.x. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 24.

4.y.     Defendants admit that J.R.. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on April 21, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.  The remaining allegations in paragraph 4.y. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 25.

4.z.     Defendants admit that D.R. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on April 19, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law

committed by the attorneys involved. The remaining allegations in paragraph 4.z. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 26.

4.aa.    Defendants admit that S.R. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA. Defendants admit that on April 19, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines. Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines. Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved. The remaining allegations in paragraph 4.aa. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 27.

4.bb.    Defendants admit that S.R. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA. Defendants admit that on April 19, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines. Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable

statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.  The remaining allegations in paragraph 4.bb. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 28.

4.cc.    Defendants admit that A.W. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.   Defendants admit that on June 2, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.  The remaining allegations in paragraph 4.cc. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 29.

4.dd.    Defendants admit that E.W. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.   Defendants admit that on April 15, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the

18

Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines. Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines. Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved. The remaining allegations in paragraph 4.dd. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 30.

4.ee.   Defendants admit that J.W. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA. Defendants admit that on March 22, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines. Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines. Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved. The remaining allegations in paragraph 4.ee. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 31.

4.ff.    Defendants admit that D.W. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.   Defendants admit that on April 20, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.   Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.   Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.   The remaining allegations in paragraph 4.ff. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 32.

4.gg.    Defendants admit that A.W. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.   Defendants admit that on April 19, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.   Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.   Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law

committed by the attorneys involved.  The remaining allegations in paragraph 4.gg. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 33.

4.hh.    Defendants admit that A.W. is a student attending a public school of the District of Columbia who has been found to be entitled to received special education services and benefits under IDEA.  Defendants admit that on March 22, 2005, the parties entered into a settlement agreement which provides that the DCPS would reimburse the Plaintiff parent for reasonable attorneys fees not to exceed $4,000.00 upon submission of a certified, itemized invoice conforming to the DCPS attorney fee guidelines.  Defendants deny that plaintiff's invoice was consistent with the requirements of all applicable statutory and regulatory guidelines.  Defendants admit that DCPS by letter from Erika L. Pierson, Acting General Counsel for DCPS, notified plaintiff that the attorneys fees request submitted by plaintiff was denied due to the unauthorized practice of law committed by the attorneys involved.  The remaining allegations in paragraph 4.hh. are denied except for the existence of the settlement agreement and invoices attached as Exhibit 34.

5.    Defendants admit that the District of Columbia is a municipal corporation and that it is required to comply with the IDEA but deny that Section 504 and *Mills v. District of Columbia Bd. of Educ.* , 348 F. Supp. 866 (D.D.C. 1972), are applicable to this case.

6.    Defendants admit that Clifford Janey is the Superintendent of the District of Columbia Public School System and the Chief State Officer.   The remaining

allegations are legal conclusions of the pleader to which no response is required.  If a response is required, the allegations are denied.

  7.  Defendants admit that between April 29, 2005 and June 29, 2005, plaintiffs submitted claims for attorney's fees and costs to Defendants.  Defendants deny that the requests were reasonable.

  8.  Defendants admit that they have denied payment of the fee applications at issue in this case but deny that any statutory or regulatory timeframes applies to these petitions.

  9.  Defendants admit that they refused to make reimbursement of the fee applications but deny that they are reasonable.

  10.  Defendants deny the allegations in paragraph 10.

  11.  Defendants admit the allegations in paragraph 11.

  12.  Defendants deny the allegations contained in paragraph 12.

  13.  Defendants admit the allegations contained in paragraph 13.

  14.  Defendants have insufficient information to admit or deny the allegations contained in paragraph 14.

  15.  Defendants have insufficient information to admit or deny the allegations contained in paragraph 15.

  16.  Defendants have insufficient information to admit or deny the allegations contained in paragraph 16..

  17.  The allegations contained in paragraph 17 are conclusions of the pleader to which no response is required.  If a response is required, the allegations are denied.

18.    The allegations contained in paragraph 18 are conclusions of the pleader to which no response is required.  If a response is required, the allegations are denied.

19.    The allegations contained in paragraph 19 are conclusions of the pleader to which no response is required.  If a response is required, the allegations are denied.

By way of further answer, Defendant denies each and every allegation set forth in the Complaint not specifically admitted herein.

<u>FIRST AFFIRMATIVE DEFENSE</u>

The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Defendants demand that the Complaint be dismissed and that Defendant be awarded the expense of litigation, costs, and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
 Deputy Attorney General
 Civil Litigation Division

_____/s/_____
EDWARD P. TAPTICH [012914]
Chief, Equity Section II

_____/s/_____
CAROL E. BURROUGHS [415432]
 Assistant Attorney General
 441 4th St., N.W., Sixth Floor South
 Washington, D.C. 20001
 (202) 724-6651
 Fax (202) 727-0431
December 5, 2005    carol.burroughs@dc.gov

23