UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESSIE BOWMAN, et al., : <br> Parents and next friends of W.B. et al., : <br> minor : <br>   : <br> Plaintiffs : <br>   : <br> v. : <br>   : <br> DISTRICT OF COLUMBIA, et al., : <br>   : <br> Defendants : <br>   : <br> _____ : | Civil Action No. 05-1933 (HHK) |

**JOINT RULE 16.3 REPORT**

COMES NOW the parties, Plaintiffs Essie Bowman et al., parents and next friends of W.B. et al., minors, and Defendant District of Columbia, by their respective counsel and pursuant to this Court's Order and Local Rule 16, file the Joint 16.3 Report.

The counsel for the parties conferred by telephone on April 5, 2006 and consistent with the said telephone conference, the parties respectfully submit the following:

**I. Statement of the Case**

Plaintiffs filed the instant complaint to enforce a series of settlement agreements between Plaintiffs and the Defendants whereby the District of Columbia Public School failed and/ or refused to pay invoices that were timely and duly submitted for payment consistent the subject settlement agreements. Plaintiffs and the Defendants entered into settlement agreements in lieu of going forward with scheduled due process hearings which provided, inter alia, that the Defendants would

reimburse Plaintiffs for agreed upon reasonable attorneys' fees not to exceed four thousand ($4000.00) dollars. The Plaintiffs performed all that was required of them under the terms of the parties' settlement agreements. The Defendants failed to comply with the terms regarding reimbursement on the basis that the attorneys representing the Plaintiffs engaged in the unauthorized practice of law. Plaintiffs and their counsel deny that they have engaged in the unauthorized practice of law at any time relevant hereto. Moreover, the Defendants apparently are relying on a May 5, 2005, opinion from the District of Columbia Court of Appeals Committee on the Unauthorized Practice of Law which was provided in response to a request that, upon information and belief, was made by the DCPS Office of General Counsel Office in late January 2005. The settlement agreements which are the subject of this action were all executed post January 2005 and the issue of bar membership was not raised by any of the representatives of the Defendant DCPS who executed the agreement on its behalf. The bar affiliation of counsel for Plaintiffs has always been prominently noticed and displayed on the masthead of James E. Brown & Associates, P.L.L.C. Prior to the submission of the invoices which are the subject of this litigation, DCPS had not previously placed any limitation on the practice of attorneys not licensed to practice in the District of Columbia with respect to representing parents in special education due process hearing before the DCPS Office of Student Hearings. Plaintiffs maintain that the settlement agreements are valid contracts which are enforceable by this Honorable Court and that counsel for Plaintiffs did not engage in the unlawful practice of law as is alleged.

    The Defendants dispute that the invoices that were submitted for reimbursement of attorneys fees conformed to the requirements of Board of Education Rule 5 DCMR 3032.4 and the applicable federal law in addition to asserting that the fee application was denied because of the unauthorized

practice of law by the attorney involved. The Defendants also deny that the issue of bar membership was not raised by any representative of Defendant DCPS. Defendants notified counsel in the Fall of 2004 that it would be objecting on the record to attorneys appearing before Hearing Officers who were not barred in the District of Columbia. Objections on the record were in fact made.

### II.     Matters discussed by the Parties Pursuant to Local Rule 16.3(c)

1. Based on the information available, the parties believe that this case can be decided by dispositive motion.

2. The parties do not anticipate the need for joining parties or amending the pleadings. At this time, the parties do not believe that the factual and legal issues can be agreed upon or narrowed.

3. The parties do not believe that this matter should be assigned to a magistrate judge.

4. The parties will discuss settlement, but do not believe that a settlement is possible at this time.

5. Plaintiffs are amenable to ADR but the Defendant does not believe that ADR will be beneficial in this case.

6. Plaintiffs request limited discovery.

7. This case can be decided by dispositive motion and the parties propose the following schedule:

    a. Plaintiffs will file their Motion for Summary Judgment no later than 45 days after the completion of discovery.

    b. Defendants will file their Cross Motion for Summary Judgment

    and their Opposition no later than 45 days after the filing of Plaintiffs' Motion for Summary Judgment.

  c. Plaintiffs will file their Opposition and Reply no later than 30 days of the filing of the Defendant's Cross Motion for Summary Judgment and Opposition.

  d. Defendants will file their Reply no later than 30 days from the filing of Plaintiffs' Opposition and Reply.

8. The parties agree to stipulate to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

9. The parties do not believe that there will be a need for expert witnesses.

10. The instant case is not a class action.

11. There is no need to bifurcate discovery or trial.

12. There is no need for a pretrial conference at this time.

13. At this point, there is no need to set a trial date.

14. The parties are not aware of any other matters that require inclusion in a scheduling order.

Dated this 20th day of April 2006.

| /s/ | /s/ |
|---|---|
| Tilman L. Gerald | Carol Burroughs |
| James E. Brown & Associates, PLLC | Office of the Attorney General for the |
| 1220 L Street, N. W., Suite 700 | District of Columbia |
| Washington, D.C. 20005 | 441 4th Street, N. W., 6th Floor South |
| 202.742.2000 | Washington, D.C. 20001 |
| Attorneys for Plaintiffs | 202.724.6520 |
| | Attorneys for Defendants |