EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VANESSA BAILEY,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>JOHN POTTER,<br><br>　　　　　　Defendant. | Civil Action 98-02224 (HHK) |

MEMORANDUM OPINION

Before the court is plaintiff's motions to enforce the settlement agreement (## 50, 53). Upon consideration of the motion and the record of this case, the court concludes that plaintiff's motion must be denied because this court lacks subject matter jurisdiction to address it.

I. BACKGROUND INFORMATION

Vanessa Bailey, an African American woman formerly employed as a clerk with the United States Postal Service, brought this action against her former employer alleging that she suffered sex, race, and disability discrimination in her employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*[1] A jury trial commenced on July 9, 2001, on the only claim that survived summary judgment, Bailey's Title VII claim of a sex-based hostile work environment.[2]

---

[1] The plaintiff's complaint originally named then-Postmaster General of the United States William J. Henderson as the defendant in this suit. Compl. ¶ 5. John E. Potter is the current Postmaster General. Thus, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, the court substitutes John E. Potter for William J. Henderson as the proper defendant.

[2] This court granted summary judgment on April 19, 2000, as to Bailey's disparate treatment Title VII and disability claims, as well as to her hostile work environment Title VII claim to the extent it was based on race.

During jury selection, the parties informed the court that a settlement agreement had been reached.[3] After the terms of the agreement were set forth on the record in open court, the court stated "[w]ith that the case will be dismissed," July 7, 2001 Trial Tr. 31:10-13, and the case was closed the same day. Almost three months later, on September 28, 2001, Bailey filed a motion to enforce the settlement agreement. The motion was referred to United States Magistrate Judge John Facciola for his report and recommendation. However, after making efforts to resolve the dispute through mediation, Magistrate Judge Facciola recused himself from the case.

## II. ANALYSIS

It is a basic principle of American jurisprudence that federal courts are courts of limited jurisdiction and possess solely the power authorized by the Constitution and federal statute. *Exxon Mobil Corp. v. Allapattah Servs.*, __ U.S. __, 125 S. Ct. 2611, 2616 (2005); *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). For this reason a federal court has a "special obligation" to raise, sua sponte, the issue of its jurisdiction. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) (overruled on

---

[3] Assistant United States Attorney Michael Humphreys stated the terms of the settlement agreement as follows:

> The plaintiff Mrs. Bailey is currently an employee of the United States Postal Service and has been since 1973. The government has agreed to pay Mrs. Bailey $285,000 to settle this case. Along with that settlement, she has to resign and get off the worker's comp roles [sic] within a period of 60 days. We understand that she is going to be applying for disability. We take no position one way or another. And we wish her well in that regard. But one of the conditions of the settlement is the – of the cash disbursement is that she resign at a date certain to exceed no longer than 60 days and included in the resignation is that she be off the worker's compensation roles [sic]. So that's the totality of the settlement agreement as understood by the defendant.

July 7, 2001 Trial Tr. 28:2-18.

other grounds). *See also Mansfield, Coldwater & Lake Michigan Ry. v. Swan*, 111 U.S. 379 (1884) (the court should raise the question of a federal court's subject-matter jurisdiction sua sponte); *Doe v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996) ("A claim that the court lacks jurisdiction under Article III of the Constitution may not be waived, since the jurisdiction at issue goes to the foundation of the court's power to resolve a case, and the court is obliged to address it sua sponte.") (citation omitted).

Over a decade ago, in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994), the Supreme Court addressed the precise issue of when a federal district court has subject matter jurisdiction over a motion to enforce a settlement agreement. In *Kokkonen*, in the midst of trial, the parties informed the court that they had reached agreement and the district court signed a stipulation and order dismissing the case with prejudice. Thereafter, the defendant successfully moved to enforce the settlement agreement. In granting the enforcement motion, the district court referred to its "inherent power" to do so. The Supreme Court held that the district court had erred because it did not have subject matter jurisdiction over the motion.

The Court explained that the basis upon which the district court determined that it had jurisdiction, the doctrine of ancillary jurisdiction, was unavailing. The ancillary jurisdiction doctrine provides a basis for a federal court to assert jurisdiction over claims that are sufficiently related or subordinated to an action properly within the court's subject matter jurisdiction. *See generally* 13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3523. In *Kokkonen*, the Court observed that historically the doctrine has provided a basis for asserting jurisdiction in two circumstances: (1) "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent"; and (2) "to enable a

court to function successfully, that is to manage its proceedings, vindicate its authority, and effectuate its decrees." 511 U.S. at 379-80. The Court held that neither circumstance was presented by that case. The facts underlying the dismissed claim and the facts underlying the claim for breach of the settlement agreement had "nothing to do with each other" and therefore adjudicating both claims together was neither "necessary nor even particularly efficient." *Id.* at 380. The second circumstance supporting ancillary jurisdiction likewise did not apply because the district court's dismissal order did nothing more than dismiss the case. Accordingly, its dismissal order was in no way "flouted or imperiled by the alleged breach of the settlement agreement." *Id.* As in *Kokkonen*, here the facts underlying the dismissed claim and the facts underlying Bailey's claim for breach of the settlement agreement are unrelated and no issue is presented regarding this court's authority or ability to effectuate a decree.

Moreover, this case does not present other circumstances that have lead federal courts to determine that their ancillary jurisdiction might properly be exercised over a motion to enforce a settlement agreement. For example, the court did not make the terms of the settlement agreement part of the order of dismissal nor did it retain jurisdiction over the settlement agreement. *See Kokkonen*, 511 U.S. at 381 (noting that in situations where the terms of the settlement agreement are either embodied in the order of dismissal or in a separate provision, a district court may properly exercise ancillary jurisdiction in order to enforce the agreement). Nor were any pending matters properly before this court at the time the motion to enforce was filed. *See Foretich v. Am. Broad. Cos.*, 198 F.3d 270 (D.C. Cir. 1999) (holding that the district court has ancillary jurisdiction to enforce a settlement agreement when a fees motion is still pending at the time the court ruled on the enforcement motion).

4

Finally, no other basis for this court's assertion of jurisdiction exists in this case. A voluntary settlement agreement is a binding contract whose enforceability is determined under state law. *Makins v. District of Columbia*, 277 F.3d 544, 547-78 (D.C. Cir. 2002) (state contract law governed question of enforceability of settlement agreement between District of Columbia and former employee in discrimination case). Therefore Bailey's motion does not present a federal question. The fact that federal laws and federal regulations involving disability retirement and worker's compensation are implicated here, primarily in connection with defendant's illegality defense, is not a sufficient basis for finding that Bailey's contract claim "aris[es] *under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). See *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813-14 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."); *see also id.* at 808 (noting that a defense that raises a federal question is inadequate to confer federal jurisdiction) (citing *Louisville & Nashville Ry. Co. v. Mottley*, 211 U.S. 149 (1908)).

Nor does it appear that diversity jurisdiction exists in this case. Federal agencies are not citizens for purposes of establishing diversity. *Texas v. ICC*, 258 U.S. 158, 160 (1922); *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584-85 (D.C. Cir. 1993). Accordingly, it is the predominant view that when, as here, a government official is sued in his official capacity, he is considered to be an alter ego of the government and therefore, for diversity purposes, is not a citizen of any state. *See, e.g., General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703-05 (7th Cir. 1990); *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1382 n.5 (9th Cir. 1988); *Culebras Enterprises Corp. v. Rivera*

5

*Rios*, 813 F.2d 506, 516 (1st Cir. 1987). While it is true that the D.C. Circuit long ago expressed the view, in *dicta,* that the residence of a cabinet Secretary sued in her official capacity is the District of Columbia for the purpose of establishing diversity jurisdiction, its cursory treatment of the issue does not control here. *Trans-Bay Eng'rs & Builders, Inc. v. Hills*, 551 F.2d 370, 376-77 (D.C. Cir. 1976). In any event, Bailey has not to this point invoked this court's diversity jurisdiction, doubtless because she did not anticipate the jurisdictional issue when she filed the instant motion.[4] Without such an invocation, the court is not empowered to assert jurisdiction on the basis of diversity because a party seeking to invoke federal court jurisdiction must allege its existence. *Cameron v. Hodges*, 127 U.S. 322 (1888); *Loughlin v. United States*, 393 F.3d 155 (D.C. Cir. 2005).

### III. CONCLUSION

For the foregoing reasons, it is this 26th day of September, 2005, hereby

**ORDERED** that Bailey's motions to enforce the settlement agreement (##s 50 and 53) are **DENIED**.

                                                                              Henry H. Kennedy, Jr.
                                                                              United States District Judge

---

[4] Should Bailey wish to invoke this court's diversity jurisdiction despite this court's determination at this point that such an invocation would not be successful, she may file a motion to reconsider. Alternatively, Bailey may choose to pursue her effort to enforce the settlement agreement in the District of Columbia Superior Court or file a motion for relief from this court's dismissal of her case pursuant to Federal Rule of Civil Procedure 60(b).