IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ESSIE BOWMAN, <u>et al.</u>,** | : | |
| **Parents and next friends of W.B. <u>et al.</u>** | : | |
| | : | |
| **Plaintiffs** | : | Civil Action No. 05-Ca-1933(HHK) |
| | : | |
| v. | : | |
| | : | |
| **DISTRICT OF COLUMBIA, <u>et al.</u>,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |
| _____: | | |

**MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF THE PLAINTIFFS' MOTION IN OPPOSITION OF THE DEFENDANT'S MOTION TO DISMISS**

COMES NOW, the Plaintiffs, by and through their attorneys Tilman L. Gerald and James E. Brown & Associates, PLLC, and in their Memorandum of Points and Authorities Submitted in Support of Their Opposition of Defendant's Motion to Dismiss, represents unto this Honorable Court as follows:

**RELEVANT BACKGROUND**

In accordance with the Individuals with Disabilities Improvement Act of 2004, 20 U.S.C §§1400-1461 (hereinafter IDEIA) and 42 U.S.C §§ 1983, et. seq, Plaintiffs are seeking reimbursement of reasonable attorneys' fees pursuant to the parties' written settlement agreements. Between March 2005 and May 2005 the Plaintiffs and the Defendant entered into a series of settlement agreements whereby the Defendant, in addition to agreeing to fulfill the special education obligations owed to the minor children of the Plaintiffs, agreed to reimburse Plaintiffs' reasonable

attorneys' fees and related costs subject to the submission of "certified invoice conforming to the DCPS attorney fee guidelines and itemizing all costs incurred to date relating to the pending hearing request . . . ." See Application for Payment of Attorney Fees and Costs Pursuant to the Individuals with Disabilities Education Act.  In an August 4, 2005 letter, the Defendant denied reimbursement and in some instances failed to comply with the settlements agreements and provide special education services on behalf of the students.  In its' Motion to the Dismiss the Defendant advances its' argument that this Court is without subject matter jurisdiction to hear this matter. For the reasons that follow, the Plaintiffs respectfully request that this Honorable Court deny the Defendant's motion.

## I. Standard of Review

A Court will not grant a motion to dismiss for failure to state a claim in accordance with Federal Rules of Civil Procedure 12(b) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  See *Johnson v. District of Columbia*, 190 F. Supp.2d 34, (D.C. 2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1987)). In this instant, the Court must deny the Defendant's motion to dismiss as the Plaintiffs have stated a claim upon which relief may be granted.

### A. THE IDEIA PROVIDES SUBJECT MATTER FOR THIS COURT TO ADJUDICATE PLAINTIFFS' CLAIMS

The Defendant is correct in its assertion that this Court has held that "a voluntary settlement is a binding contract whose ability to enforce is determined under state law." See *Bailey v. Potter*,

Civil Action No. 98-2224, (Kennedy, J) (D.C. September 26, 2005)(slip op. at 5)[1]. However, the determination of whether state or federal law applies to the enforcement of settlement agreements is not the issue in this matter. The issue presently before this Court is whether subject matter jurisdiction exists to enforce written settlement agreements entered into pursuant to the IDEIA.

Subject matter jurisdiction is conferred upon a district court if there is either a federal question or diversity of citizenship and the amount in controversy exceeds $75,000. More specifically, 28 U.S.C 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C 1332 provides that [t]he district courts shall original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, [. . .] and the controversy exists between citizens of different States. . . ." See 28 U.S.C. 1332.

In this case, subject matter is appropriately conferred upon this Court pursuant to the IDEIA which was specifically enacted by Congress to address the educational requirements of children with special needs. And in furtherance of that objective, Congress developed procedural safeguards to give parents of children with special needs assurances that they would have a fair opportunity to procure for their children the much needed educational services and benefits. In the re-authorization of the IDEIA, which became effective July 2005, Congress, in an effort to curtail the further proliferation of special education litigation, administratively and judicially, included mechanisms designed to nurture and propagate resolution of special education claims prior to litigation in administrative due

---

[1] In that case the Plaintiff brought a discrimination action under Title VII and prior to trial the parties agreed to settle the matter and later reduced the provisions into a written settlement agreement. The Defendant failed to fulfill their obligations under the settlement agreement and the Plaintiff submitted a motion requesting that the Court enforce the agreement. The Court determined that it did not have the jurisdiction to enforce the settlement as settlement agreements are only enforced under state law.

process hearings. The procedural safeguards as well as the enforcement provisions provided under mediation and resolution session meetings are clear examples of Congress' intent to curtail litigation.

Specifically, in the case *sub judice*, subject matter jurisdiction is properly vested in this court pursuant to 20 U.S.C §1415(e)(F) and 20 U.S.C. § 1415 (f)(B)(iii). To wit, 20 U.S.C §1415(e)(F) provides that where parties involved in special education litigation are able to successfully mediate their disputed issues in mediation that "the parties shall execute a legally binding agreement that sets forth such resolution and that it "is enforceable in any State court of competent jurisdiction or in a district court of the United States". Similarly, 20 U.S.C. §1415 (f)(B)(iii) further provides that where parties reach an agreement as a result of a resolution meeting that "the parties shall execute a legally binding agreement. . . that is enforceable in any State court of competent jurisdiction or in a district court of the United States." *See* 20 U.S.C §1415(e)(F); 20 U.S.C. §1415 (f)(B)(iii). Thus, written settlement agreements that are derived either through mediation or resolution session meetings are enforceable through state or federal court.

Hence, a logical extension and reasonable interpretation of the foregoing statutory provisions necessarily leads to an irrefutable conclusion that Congress did not intend to preclude all other pre-hearing settlement agreements from enforcement in the same manner as those obtained in either mediation or resolution meetings. There is more than just the "mere implication" of a federal statute as was the case in *Bailey, supra*.

Utilizing the canons of statutory construction, this court should reasonably determine that subject matter jurisdiction is conferred and as a result this court maintains jurisdiction to enforce the written settlement agreements. The case law that supports this premise is well-grounded. "When [a] statute is clear on its face, resort[ing] to the legislative history, much less to the agency's

interpretation, is not necessary." *Eagle-Picher Indus. Inc. v. Envtl. Prot. Agency*, 759 F.2d 922 (D.C.Cir.1985). However, if the court finds that "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron U.S.A. v. Nat'l Res. Def. Council,* 467 U.S. 837 (1984).

Thus, the "absence of specific legislative intent does not always mean the legislature thought about something and rejected it; the omission also mean[s] [that] the legislature did not think about the idea at all, and thus took no position on it." Quoting *In re M.M.D. & B.H.M*, No. 94-FS-620, (D.C. Cir. June 30,1995). That same court carefully outlined the rules for statutory interpretation as follows, the court must "look at the language of the statute by itself to see if the language is plain and admits of no more than one meaning, since the primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language that he [[or she]] has used; however, [omit] this 'plain language' or 'plain meaning' rule is the first, but not always the last or most illuminating step"; therefore courts must 'look beyond the plain meaning of statutory language." See *In re M.M.D. & B.H.M*, No. 94-FS-620, (D.C. Cir. June 30,1995)(quoting *Peoples Drug Stores v. District of Columbia*, 470 A.2d 751 (D.C.1983)(en banc)).

In "looking beyond the plain meaning", the Court noted that 'where the words of a statute have superficial clarity, a review of legislative history or an in-depth consideration of alternative constructions' should be utilized to reveal any ambiguities in the statute that the Court must resolve'; second, 'the literal meaning of a statute will not be followed when it produces absurd results'; third, the words of a statute are to be construed to avoid obvious injustice; and finally, a court may refuse to adhere to strictly to the plain wording of a statute in order to effectuate the legislative purpose. . ." See *In re M.M.D. & B.H.M*, No. 94-FS-620, (D.C. Cir. June 30,1995)(quoting *Peoples Drug Stores*

*v. District of Columbia*, 470 A.2d 751 (D.C.1983)(en banc).

In the instant case, while 20 U.S.C § 1415 is silent with respect to the enforcement of settlement agreements that are not derived from mediation or a resolution session meetings, Congress did not intend to impair the ability of parents to enforce valid pre-hearing settlement agreements in this forum.  Prior to its re-authorization in 2004, the IDEA did not contain any provisions to enforce written settlement agreements.  If a party failed to comply with a written settlement agreement the only recourse available required the aggrieved party to re-file and endure the entire administrative process again.  However; with the amendments of the procedural safeguards that party now has the right to forgo an administrative due process hearing and enforce his/her written settlement agreement in either state or federal court.

While the procedural safeguards do not specifically address the enforceability of written settlement agreements, not derived through either mediation or a resolution, entered into prior to a scheduled administrative due process hearing, it would be implausible to assume that Congress did not intend to provide a parent a means of enforcing settlement agreements equal to those obtained as a result of mediation and resolution session meetings, including a choice of forum.  Foreclosing that right to special education litigants would produce an absurd result and does not square with nor further Congress' intent to encourage schools and parents to settle their issues prior to litigation.  *See* Statement of Chairman John A. Boehner Committee on Education and the Workforce.

The Defendant relied heavily on *Bailey v. Potter*, Civil Action No. 98-2224, (Kennedy, J) (D.C. September 26, 2005) and *Makins v. District of Columbia*, 277 F.3d 544(D.C. Cir. 2002) (standing for the proposition that "federal courts adopt local law in determining whether a settlement agreement should be enforced), to assert that subject matter jurisdiction does not exist.  In *Bailey*,

this Court determined that it did not have the authority to enforce the plaintiff's settlement agreement absent that settlement agreement: 1)satisfying jurisdictional requirements, 2) being stipulated to in an order of dismissal, or 3) a court retaining jurisdiction. *Id.* Unlike the federal courts, an administrative due process hearing officer does not have the authority to enforce written settlement agreements, nor does he have the authority to retain jurisdiction. Because 20 U.S.C § 1415, provides a mechanism to enforce written settlement agreements, this Court must deny the Defendant's motion to dismiss as the IDEA posits this Court with the necessary subject matter jurisdiction to hear this matter.

In addition, this Court must ensure that the Defendant complies with all of the terms of the settlement agreements it agreed to in each of the settlement agreements. The Defendant has claimed that it has fulfilled its educational-related obligations in each settlement agreement with respects to each child. **Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss at 1.** This representation is, at best, grossly inaccurate. In addition to failing to reimburse Plaintiffs's reasonable attorneys fees for each of the thirty-four (34) cases presently before this Court, the Defendant has satisfied the educational benefits in only thirteen (13) of the thirty-four (34) cases, since March 2005. As the IDEA allows a plaintiff the opportunity to select the forum in which to litigate enforcement of their settlement agreements, this court must deny the Defendant's motion.

    B.    **PLAINTIFFS ARE ENTITLED TO THE ATTORNEYS FEES UNDER IDEIA AND AS PROVIDED IN THE SETTLEMENT AGREEMENTS**

Contrary to the assertion the Defendant raises in its motion to dismiss, Plaintiffs are entitled to reasonable attorney fees under IDEIA and as specifically provided in the settlement agreements of

the parties.  The Defendant's reliance upon *Buckhannon Board and Care Home v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), and *Alegria v. District of Columbia*, 391 F.3d. 262 (D.C. Cir. 2004), is misplaced in this instance.  Moreover, in the settlement agreements to which are the subject of controversy in the case at bar, the Defendant agreed to reimburse Plaintiffs' reasonable attorneys' fees not to exceed $4,000.00.  The inclusion of a provision to reimburse Plaintiffs' reasonable attorneys' fees and the tacit agreement of the Defendant to do so is clearly evidenced by the signatures of DCPS attorney adviser, is sufficient indicia that the Defendant, in settling the Plaintiffs' claims, not only committed itself to an alteration of its' behavior with respect to the issues relating to the child's education but also to the payment of reasonable attorneys fees.  See *Johnson v. District of Columbia ,* where Judge Sullivan wrote that "...[b]ecause fees are available under IDEA for both administrative and judicial proceedings, the timing of the settlement is of no moment to the determination of who is a prevailing party..."

     The rulings in both *Alegria, supra.,* and *Smith v. District of Columbia,* are inapposite and uncontrolling in the case *sub judice* given the distinctive facts of this case. To wit, unlike *Alegria* and *Smith* Plaintiffs, Plaintiffs in this case are not asking the court to determine or to award attorneys fees. Rather, Plaintiffs have asked this Honorable Court to order the Defendant to reimburse Plaintiffs their reasonable attorney fees not to exceed the cap of $4,000.00 which the Defendant had previously agreed to as is memorialized in the written settlement agreements.  As a consequence of the foregoing, Plaintiffs are entitled to reimbursement of reasonable attorneys fees as is specifically provided in the settlement agreements of the parties.

## C. <u>PLAINTIFFS STATE A CLAIM UNDER 42 U.S.C. SECTION 1983</u>

20 U.S.C 1415(h) of the IDEIA provides the mechanism for parents to obtain the services of competent counsel to represent their interest and the interest of their children with respect to IDEIA claims for special education services and benefits. To that end, the IDEIA also provides means through which parents are reimbursed for the attorneys fees incurred in prosecuting special education claims under IDEIA in which they were successful. In the District of Columbia, DCPS' hostility to the legal fees paid to attorneys who successfully bring IDEA actions against DCPS is well documented. See *Calloway v. District of Columbia*, 216 F.3d. 1, at 4 (D.C. Cir. 2000). Unfortunately, aforementioned hostility to the payment of attorneys fees has not abated. In fact, the subject hostility has exacerbated to the point that DCPS refuses to honor explicit provisions of settlement agreements to which it is a party and attempts to do so with impunity and without concern for the parents to whom the IDEIA guarantees legal representation.

The deliberate failure of DCPS to reimburse Plaintiffs reasonable attorneys' fees is calculated to undermine, if not to completely infringe upon, the ability of parents to obtain the services of competent legal counsel. This failure is well chronicled in this court and it demonstrates a vindictiveness that is so invective, immoral and illegal that the sustained dysfunctional behavior has cast a dark shadow upon special education in the District of Columbia. The factual allegations as presented in the Complaint sufficiently describes not just one instance where DCPS failed to reimburse Plaintiffs attorneys fees as it agreed to do, but rather thirty-four (34) cases which clearly and unequivocally demonstrates that DCPS is possessed with an intent so egregious and vindictive in nature that it can not be further tolerated. 42 U.S.C. §1983, is the means by which the Plaintiffs can vindicate rights that are guaranteed them under the IDEA. See *Johnson v. District of Columbia*,

190 F. Supp.2d 34, (D.C. 2002). Albeit the complaint could have been more artfully drafted, the sufficiency of the allegations is still such as to give vitality to Plaintiffs' 1983 claims under the rules.

## CONCLUSION

Therefore, upon the above stated argument, Plaintiffs respectfully request that this Court to deny the Defendant's Motion to Dismiss and make a finding that it has subject matter jurisdiction to adjudicate the claims under the IDEIA. *See* 20 U.S.C §1415(e)(F);20 U.S.C. §1415 (f)(B)(iii). Alternatively, the Plaintiffs' respectfully request leave to amend their complaint in the event this Court grants this Defendant's Motion in whole or in part.

Respectfully Submitted,

Tilman L. Gerald
Unified Bar No. 928796
Roxanne D. Neloms
Bar No. 478157
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 2000
(202)742-2000
***Attorneys for Plaintiffs***

Date: June 8, 2006