UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESSIE BOWMAN, o/b/o W.B., a minor, et al., | : : : : |
| Plaintiffs, | : : |
| v. | : Civ. No. 05-1933 (HHK) : |
| DISTRICT OF COLUMBIA, et al., | : : |
| Defendants. | : : : |

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

The Defendants, by counsel, reply herewith to the "Memorandum of Points and Authorities Submitted in Support of the Plaintiffs' Motion in Opposition of the Defendant's Motion to Dismiss," filed herein June 8, 2006 ("Opposition").

### PRELIMINARY STATEMENT

In their May 18, 2006, motion herein, the Defendants argued that this action was one to enforce a provision of an agreement between the Plaintiffs and DCPS, and that this Court was without jurisdiction to entertain such an action. Motion, pp. 3-4. It was further argued (1) that as parties to a settlement agreements, the plaintiffs are not entitled to attorneys' fees under IDEA; (2) that the Plaintiffs had failed to state a proper claim under 42 U.S.C. §1983; and (3) that the Plaintiffs had failed to state a proper claim under Section 504 of the Rehabilitation Act. Motion, pp. 4-10.

As a preliminary matter, the Plaintiffs are silent on the propriety of the complaint under Section 504 of the Rehabilitation Act. To that extent, the Defendant's arguments in that regard (Motion, pp. 8-10) are unchallenged, and conceded.

For the reasons set forth below, the remainder of the Plaintiffs' responses to the Defendants' arguments are without merit.

## ARGUMENT

### I. Plaintiffs Have Failed to Demonstrate this Court's Jurisdiction to Entertain Contract Enforcement Actions.

The Defendants' motion showed that this case is an action to enforce agreements with DCPS with respect to attorneys' fees. Motion, pp. 3-4. And the Defendant further identified precedent confirming that such actions are determined in local, not federal, courts, under state law. Motion, p. 4 (citing Bailey v. Potter, Civ. No. 98-2224 (D.D.C., Kennedy, J.); Makins v. District of Columbia, 277 F.3d 544 (D.C.Cir. 2002). Indeed, on May 31, Judge Huvelle, in Gonzales v. District of Columbia, Civ. No. 06-0278 (D.D.C.), also dismissed an action identical in nature to this, filed by the same counsel, based on the same kinds of settlement agreements with DCPS.[1]

The Plaintiffs do not dispute that the nature of this action is one of contract enforcement: "The issue presently before this Court is whether subject matter jurisdiction exists to enforce written settlement agreements entered into pursuant to the IDEIA." Opposition, p. 3.[2] The Plaintiffs contend, however, that the Defendants'

---

[1] Judge Huvelle's Minute Order dismissed the complaint with prejudice "on the grounds that this Court lacks jurisdiction to enforce the settlement agreement[s] regarding attorney's fees."

[2] It was also made clear that enforcement of only the attorneys' fees portion of the settlement agreements was at issue. Motion, pp. 3-4. While the Plaintiffs, in a single sentence, now assert that that "the Defendant has satisfied the educational benefits [agreed to in the settlement agreements] in only thirteen (13) of the thirty-four (34) cases, since March 2005" (Opposition, p. 7), the complaint says nothing whatever about anything other than a failure to pay attorneys' fees, and the current gratuitous assertion is without any support whatever. Pleading posturing notwithstanding, it is clear this action seeks only fees for attorneys.

2

precedents are inapplicable in light of 20 U.S.C. §1415(e)(F)[3] and 20 U.S.C. §1415(f)(B)(3),[4] which address agreements resulting from mediation or a resolution session under IDEA.

The Plaintiffs, acknowledging that the agreements here do not fall directly under either provision, contend that

> . . . a logical extension and reasonable interpretation of the foregoing statutory provisions necessarily leads to an irrefutable conclusion that Congress did not intend to preclude all other pre-hearing settlement agreements from enforcement in the same manner as those obtained in either mediation or resolution meetings.

Opposition, p. 4; see also Opposition, p. 6 (acknowledging that these "written settlement agreements [were] not derived through either mediation or a resolution [meeting]"). In fact, the "logical extension" proposed by the Plaintiffs would contradict Section

---

[3]   (e) Mediation.
         . . . .
      (2) Requirements.
         . . . .
         (F) Written agreement. In the case that a resolution is reached to resolve the complaint through the mediation process, the parties shall execute a legally binding agreement that sets forth such resolution and that--
            . . . .
            (iii) is enforceable in any State court of competent jurisdiction or in a district court of the United States.

[4]   (f) Impartial due process hearing.
      (1) In general.
         . . . .
         (B) Resolution session.
            . . . .
            (iii) Written settlement agreement. In the case that a resolution is reached to resolve the complaint at a [resolution] meeting described in clause (i), the parties shall execute a legally binding agreement that is --
               (I) signed by both the parent and a representative of the agency who has the authority to bind such agency; and
               (II) enforceable in any State court of competent jurisdiction or in a district court of the United States.

1415(i)(3)(D)(ii) of IDEA, which *bars* attorneys' fees for resolution sessions.[5]  And for the reasons set forth in the Defendants' motion (pp. 4-7), the statutory construction urged would also defy established precedent construing IDEA to obviate an entitlement to attorneys' fees where voluntary settlement agreements have been reached.

**II.     Plaintiffs Have Failed to Demonstrate a Viable Claim under 42 U.S.C. §1983.**

In their motion, the Defendants set out clear precedent establishing the character of allegations in complaints necessary to withstand a motion to dismiss for failure to state a claim under Section 1983. Motion, pp. 7-8.  The Plaintiffs do not assert that their complaint is indeed adequate to set forth a Section 1983 claim, suggesting that indeed "the complaint could have been more artfully drafted." Opposition, p. 10.  Nor do they challenge any of the precedents cited by the Defendants. Id.

Instead, the Plaintiffs assert that DCPS' supposed "hostility" to paying attorneys' fees – "a vindictiveness that is so invective [sic], immoral and illegal that the sustained dysfunctional behavior has cast a dark shadow upon special education I the District of Columbia" – is somehow adequate to meet the requirement of at least asserting the necessary elements of a Section 1983 violation in the complaint. Opposition, p. 9.

The Plaintiffs' pleading rhetoric is neither supported, nor accurate, nor legally consequential.  Calloway, cited by the Plaintiffs, is hardly the "document[ation]" of

---

[5] 20 U.S.C. §1415(i)(3)(D):
. . . .
    (ii) IEP team meetings. Attorneys' fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation described in subsection (e).
    (iii) Opportunity to resolve complaints. A [resolution] meeting . . . shall not be considered--
        (I) a meeting convened as a result of an administrative hearing or judicial action; or
        (II) an administrative hearing or judicial action for purposes of this paragraph.

"DCPS' hostility to the legal fees paid to attorneys who successfully bring IDEA actions against DCPS" that Plaintiffs claim. Opposition, p. 9. Calloway involved the application of a Congressional attorneys' fee cap, as to the implementation of which the District has no discretion.  Summary assertions that DCPS' failure "to reimburse Plaintiffs reasonable attorneys' fees is calculated to undermine, if not to completely infringe upon, the ability of parents to obtain the services of competent legal counsel" are pure pleading hyperbole, not fact, and not alleged in the complaint. In fact, these counsel have been regularly reimbursed fees by DCPS for many years; indeed, the firm would not exist but for the continuous flow of money from IDEA representation. That the specific fees at issue here were delayed in their consideration and payment is hardly a basis for concluding that this complaint has adequately set forth a viable Section 1983 claim, whatever the current pleading flourishes.

There is neither a DCPS custom, policy or practice of failing to pay, within the limitations of the statutory fee caps, IDEA attorneys' fees generally, or these counsel in particular.  Neither the complaint, nor even the Opposition itself, meets the required particularity set forth in the cases cited in the Defendants' motion.

## CONCLUSION

At bottom, the action herein is what it appears to be, and what it says it is: an action to enforce one provision – for attorneys' fees – in a settlement agreement with DCPS.  Relying on this Court's 2005 ruling in Bailey v. Potter, supra, Judge Huvelle in Gonzalez, supra, dealt with precisely the same kind of action and dismissed the complaint for lack of jurisdiction.  Notwithstanding the Opposition's emotional rhetoric, there is no valid reason to deal differently with this case.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

**/s/ Carol E. Burroughs**
CAROL E. BURROUGHS [#415432]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6520
carol.burroughs@dc.gov

June __, 2006