UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESSIE BOWMAN, <u>et al.</u>,** : <br> **Parents and next friend of W.B., <u>et al</u>,** : <br> **Minors** : <br> : <br>     **Plaintiffs,** : <br> : <br>     v. : <br> : <br> **DISTRICT OF COLUMBIA** : <br> : <br>     **Defendant.** : <br> _____ : | **Civil Action No. 05-CA-1933(HHK)** |

### PLAINTIFFS' SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COME NOW, the Plaintiffs, by and through their counsel, Tilman L. Gerald, Roxanne D. Neloms and James E. Brown & Associates, PLLC, and in their Surreply to the Defendant's Reply to Plaintiffs' Opposition to the Defendant's Motion to Dismiss respectfully represent unto this Honorable Court as follows:

In its Reply to Plaintiffs' Opposition to the Defendant's Motion to Dismiss, the Defendant argues that Plaintiffs, in their opposition, failed to establish that this court has jurisdiction to entertain the pending matter. In support of its argument, the Defendant asserts that the order in *Gonzalez v. District of Columbia*, Civil Action No. 06-0278) is dispositive of this case and supports the decisions reached in *Makins v. District of Columbia,* 277 F.3d 544(D.C. Cir. 2002) and *Bailey v. Potter*, Civil Action No. 98-2224(D.D.C.). In *Gonzalez, supra.*, the parties were engaged in settlement discussions during the time the Defendant's motion was pending, and subsequently reached a settlement with respect to the issues raised in that case. Plaintiffs did not file an opposition

1

to the subject motion in light of the settlement discussions which were ongoing and the settlement agreement that eventuated almost contemporaneously with the order in *Gonzalez*. Thus, the ruling in that case does not provide the Defendant with the precedential value that the Defendant desires. Further, neither *Makins and Potter*, supra., (both of which are clearly distinguished from the case *sub judice)* have the precedential significance that the Defendant attaches to them. Moreover, the decision in *Potter* has been appealed and the Court of Appeals has yet to issue an opinion in that matter. The Defendant, in its response, does not otherwise articulate a cogent or persuasive argument to effectively refute the premise proffered by the Plaintiffs to support their argument that this court has jurisdiction over this case pursuant to the IDEIA.

     The argument proffered by the Defendant is feeble and does not even touch upon the statutory interpretation argument that Plaintiffs presented in their opposition. Moreover, the premise that "the logical extension proposed by the Plaintiffs would contradict Section 1415(i)(3)(D)(ii) of the IDEIA, which bars attorneys' fees for resolution sessions" can only be politely described as a red herring, imprecise, and hints of misdirection, as Plaintiffs, in their papers, have in no way suggested or otherwise broached the subject that attorneys fees are payable relative to resolution meetings.

     The Defendant has failed to address or otherwise dispute the argument central to the issue of subject matter jurisdiction that Plaintiffs raise. To wit, Plaintiffs' argument that since agreements that are obtained as a result of resolution meetings and the mediation process are by their very nature pre-litigation in origin and enforceable in the district or state court, then settlement agreements between litigants in special education administrative proceedings which obtain prior to an administrative due process hearing, by analogy can similarly be enforced in this court or a state court. The Plaintiff in those instances is provided with a choice of forum. In reality, there is no discernible

difference between settlement agreements reached in resolution meetings and mediation processes and the settlement agreements that are the subject of controversy in this case, other than the process itself. The foregoing would be in keeping with the legislative intent of Congress to encourage settlement of special education issues thereby reducing litigation thereof. (See Plaintiffs' Opposition at p.6).

## CONCLUSION

WHEREFORE, for the above stated reasons taken together with the argument made in Plaintiffs' Opposition to the Defendant's Motion to Dismiss, Plaintiffs respectfully pray that this Honorable Court deny the Defendant's Motion, or alternatively grant Plaintiffs' leave to amend their Complaint.

Respectfully submitted,

/s/
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, N. W. , Suite 700
Washington, D.C. 20005
202.742.2000
202.742.2098-facsimile

June 28, 2006                           *ATTORNEYS FOR PLAINTIFFS*

*TLG:Bowman.Surreply.062806*