UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESSIE BOWMAN, o/b/o W.B., a minor, et al.,<br><br>          Plaintiffs,<br><br>          v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>          Defendants. | Civil Action 05-01933 (HHK) |

**MEMORANDUM OPINION**

Plaintiffs, thirty-four minors, bring this action, through their parents or next friends, against the District of Columbia and three of its officers to enforce settlement agreements that the parties entered into between March and May 2005. Before the court is defendants' motion to dismiss for lack of subject matter jurisdiction. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion must be granted.

**I. BACKGROUND**

Plaintiffs are learning-disabled public school students in the District of Columbia who qualify for special education services and benefits under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. §§ 1400 *et seq*. The record does not indicate how the underlying dispute arose, but it appears that at some point plaintiffs initiated administrative procedures to secure these IDEIA entitlements. During the course of the administrative proceedings, each plaintiff entered into a settlement agreement[1] with the District

---

[1] The settlement agreements have unique details, such as the student's name, date of birth, and school, but are identical in their relevant terms.

of Columbia Public Schools ("DCPS") that provided, in relevant part, that the student would withdraw his or her request for due process hearings in exchange for, *inter alia*, "reasonable attorney fees not to exceed Four Thousand Dollars." Pls.' Ex. 1 at 4 (Settlement Agreement).

Plaintiffs claim that they have fulfilled their contractual obligations by formally withdrawing their requests for due process hearings and timely submitting their claims for reimbursement, but that defendants have nonetheless failed to pay the attorneys' fees and now refuse to do so. Plaintiffs bring this action to compel defendants to comply with the agreements.

## II. DISCUSSION

Defendants move to dismiss this action for lack of subject matter jurisdiction,[2] arguing that (a) plaintiffs' breach of contract claim does not present a federal question or fall within the IDEIA's jurisdictional provisions, and (b) although the complaint lists 42 U.S.C. § 1983 (and other federal statutes) as a basis for jurisdiction, no other claim besides the breach of contract claim has actually been stated.

**A. The IDEIA**

Although the parties' underlying dispute relates to and touches on the IDEIA, the complaint, ultimately, is a simple breach of contract claim. *See* Compl. ¶ 1 ("This is an action to enforce settlement agreements . . ."); Pls.' Opp'n at 3 ("The issue presently before this Court is whether subject matter jurisdiction exists to enforce written settlement agreements entered into

---

[2] A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) should not prevail "unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." *Kowal v. MCI Commun. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Beverly Enters., Inc. V. Herman*, 50 F. Supp. 2d 7, 11) (D.D.C. 1999). Additionally, at the dismissal stage, the plaintiffs' complaint must be construed liberally, and plaintiffs should receive the benefit of all favorable inferences that can be drawn from the alleged facts. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

pursuant to the IDEIA"). Breach of contract claims are governed by state law and do not present federal questions. *Makins v. Dist. of Columbia*, 277 F.3d 544, 547 (D.C. Cir. 2002). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813–14 (1986).[3] Indeed, plaintiffs do not contend that the breach of contract claim presents a federal question; rather, they maintain that amendments included in the 2004 re-authorization of the IDEA (thereafter dubbed the IDEIA) provide United States district courts with subject matter jurisdiction to enforce IDEIA-related settlement agreements.

Plaintiffs rely on two provisions of the Act. One provides that "[i]n the case that a resolution is reached to resolve the complaint *through the mediation process*, the parties shall execute a legally binding agreement . . . [that] is enforceable . . . in a district court of the United States." 20 U.S.C. § 1415(e)(2)(f)(iii) (emphasis added). The other states that "[i]n the case that

---

[3] It is, of course, "a general rule that a federal court may have jurisdiction over a state-law based claim where federal law constitutes an essential component of that claim." *Bd. of Trustees of Hotel and Restaurant Employees Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1486 (D.C. Cir. 1996). But, unlike *Madison Hotel*, this case is not one where "enforcement of the settlement agreement itself will require adjudication of substantive federal law issues." *Id.* at 1484. There, ERISA's unusually broad preemption clause made it such that "any state law claim . . . for breach of the settlement agreement would clearly 'relate to' an employee benefit fund and therefore be preempted." *Id.* at 1487. The IDEIA does not have a similarly expansive preemption clause, and it appears that the resolution of the dispute at bar will turn not on an interpretation of federal law but rather on a determination of whether defendants are permitted to withhold payments to attorneys who are not licensed to practice in the District of Columbia. *See* Compl. ¶ 11. At most, a federal question might arise in a defense to the alleged breach of contract. It is well established, though, that a defense that raises a federal question is inadequate to confer federal jurisdiction. *See Louisville & Nashville Ry. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

a resolution is reached to resolve the complaint at a meeting described in clause (i),[4] the parties shall execute a legally binding agreement that is . . . enforceable . . . in a district court of the United States." § 1415(f)(1)(B)(iii).

Plaintiffs do not assert that their settlement agreements meet the requirements of either of these two provisions. *See* Pls.' Opp'n at 6 (discussing the significance of § 1415's "silen[ce] with respect to the enforcement of settlement agreements that are *not derived* from mediation or a resolution session meetings [sic]") (emphasis added); *id.* at 4 (arguing that "Congress did not intend to preclude all other pre-hearing settlement agreements from enforcement in the same manner as those obtained in either mediation or resolution meetings."). Instead, they ask the court to "look beyond the [Act's] plain meaning," *id.* at 5, to find that the settlement agreements in question—like agreements reached through resolution meetings or mediation—are enforceable in a district court of the United States.

Perhaps it is true, as plaintiffs suggest, that a district court's exercise of subject matter jurisdiction over disputes involving settlement agreements like those in this case would be "a logical extension," Pls.' Opp'n at 4, of the jurisdictional provisions in § 1415 and would advance Congress's goal of facilitating non-judicial resolution of IDEIA-related disputes. But it is not the role of the courts to append new provisions to statutes whenever doing so might comport with some of Congress's goals. *See Brogan v. United States*, 522 U.S. 398, 408 (1998); *Nathan v. Smith*, 737 F.2d 1069, 1081 (D.C. Cir. 1984). This is especially true when other parts of the Act

---

[4] Clause (i) describes a "Preliminary meeting," convened "within 15 days of receiving notice of the parents' complaint," wherein "the local educational agency" meets with "the parents and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint." 20 U.S.C. § 1415(f)(1)(B)(i).

indicate that Congress also wanted to encourage plaintiffs to resolve their disputes only through certain formal administrative procedures. *See* 20 U.S.C. § 1415(i)(D)(ii) (forbidding the awarding of attorneys' fees relating to an IEP Team meeting "unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation described in subsection (e) of this section."). The language that plaintiffs rely on is not ambiguous, nor would its literal application produce absurd or unjust results.[5] Consequently, there is no reason to go beyond the application of the law as written. The court therefore declines to confer jurisdiction on itself where Congress has not done so.

**B. Section 1983**

Defendants next argue that 42 U.S.C. § 1983 cannot be a basis for subject matter jurisdiction because plaintiffs have failed to state a claim under that provision, despite listing it in the jurisdiction section of the complaint.[6] To state a claim under § 1983, a plaintiff must, as a threshold matter, allege that she "was deprived of a right secured by the Constitution or laws of the United States." *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991). Plaintiffs do not satisfy this test.

Although a plaintiff is not required to "plead law or match facts to every element of a legal theory," *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000), the

---

[5] Plaintiffs are, of course, free to file a breach of contract complaint in state court.

[6] Plaintiffs also recite other statutory bases for jurisdiction in the complaint. In their opposition brief, however, they mention only the IDEIA and § 1983 as bases for jurisdiction, and the court deems plaintiffs to have conceded that these statutes are not proper bases for jurisdiction. Even if these bases were not conceded, though, they would fail for the same reason that the § 1983 claim fails; *viz*, apart from the perfunctory recitation in the jurisdiction section, the complaint does not contain allegations that would allow the court to find that a federal question has been raised.

complaint must include some factual basis for the allegations made. *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996). As discussed above, this is a breach of contract case. The complaint does not allege that plaintiffs' statutory or Constitutional rights have been violated; rather, it focuses entirely[7] on defendants' failure to comply with the terms of the settlement agreements and asks only for enforcement of the settlement agreements, plus interest, fees associated with this suit, and "such other relief as may be just and proper." Compl. at 43.

Plaintiffs argue for the first time in their opposition brief that defendants' refusal to perform their contractual obligations is part of a concerted effort "to undermine, if not to completely infringe upon, the ability of parents to obtain the services of competent legal counsel." Pls.' Opp'n at 9. They maintain that, although "the complaint could have been more artfully worded," *id.* at 10, it alleges thirty-four breaches of contract and thereby states a claim for a violation of an IDEIA-conferred right to counsel. This argument is unavailing.

Plaintiffs may have a claim for an IDEIA violation based on defendants' alleged refusal to pay attorneys' fees; but they have not stated it in their complaint.[8] Even under the liberal pleading requirements of Federal Rule of Civil Procedure 8, in order to state a claim under §

---

[7] The only possible exception to this is the statement "[t]hat this Court and the IDEA clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs' herein." Compl. ¶ 18. However, plaintiffs do not contend that they are "prevailing parties," within the meaning of the statute, who may be awarded attorneys's fees by this court pursuant to 20 U.S.C. § 1415(i)(3). Pls.' Opp'n at 8 ("Plaintiffs in this case are not asking the court to determine or to award attorneys [sic] fees."). Therefore there is no basis to conclude that this part of the complaint alleges an IDEIA violation. Rather, it appears merely to state that the terms of the settlement agreements are not inconsistent with the IDEIA.

[8] Alleging a violation of IDEIA rights in the opposition brief is insufficient to overcome a motion to dismiss for failure to state a claim. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994) ("The purpose of a motion to dismiss is to assess the validity of the *pleadings*.") (emphasis in original).

1983 a plaintiff must do more than allege a breach of contract and hope that the court and defendants infer that this breach somehow deprived her of "a right secured by the Constitution or laws of the United States." *Cf. Ramirez v. Arlequin*, 447 F.3d 19, 25 (1st Cir. 2006) ("A claim of breach of contract by a state actor without any indication or allegation that the state would refuse to remedy the plaintiffs' grievance should they demonstrate a breach of contract under state law does not state a claim for violation of the plaintiffs' right of procedural due process.") (citing *Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 196–98 (2001)); *Int'l Action Ctr. v. United States*, 365 F.3d 20, 28 (D.C. Cir. 2004) (stating that "a claim of 'mere negligence' is insufficient to state a claim of supervisory liability under Section 1983.").

Consequently, the court concludes that plaintiffs have not alleged that they were deprived of a right secured by the Constitution or laws of the United States. Because the court does not have subject matter jurisdiction over the breach of contract claim and because no other claim has been stated, the complaint must be dismissed.

### III. CONCLUSION

For the aforementioned reasons, the court concludes that defendants' motion to dismiss must be granted. An appropriate order accompanies this memorandum opinion.

>Henry H. Kennedy, Jr.
>United States District Court Judge

Dated: August 2, 2006